**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LAKSHMI BALACHANDRA,

      Plaintiff,

          v.

BABSON COLLEGE,

      Defendant.

Civil Action No. 23-cv-10456-LTS

## JOINT STATEMENT UNDER LOCAL RULE 16.1(D)

Pursuant to Rule 26(f) and Local Rule 16.1, plaintiff Lakshmi Balachandra ("Plaintiff")

and Defendant Babson College ("Defendant") (collectively, the "Parties") hereby submit this Joint

Statement in advance of the Initial Scheduling Conference scheduled for May 23, 2023.

### I.    PROPOSED SCHEDULE

The Parties have agreed to the proposed schedule attached hereto at Exhibit A.

### II.    DISCOVERY PLAN

**(A)  What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties have agreed to exchange initial disclosures by June 6, 2023.

**(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties anticipate that discovery will be focused on whether Plaintiff has been

subjected to a hostile work environment or disparate treatment because she is a woman and/or a

person of south Asian descent, as well as whether Plaintiff was retaliated against for complaining

about disparate treatment and/or a hostile work environment. Plaintiff anticipates seeking

1

discovery about the performance and treatment of the Plaintiff's male and/or white colleagues by the Defendant, about the treatment of other female and non-white employees by the Defendant, the credibility of Defendant's witnesses, and whether the Defendant complied with its own policies and procedures in responding to complaints by Plaintiff. Discovery will also relate to Plaintiff's job performance, her credibility, her claimed damages, and Defendant's defenses. With the exception of possibly delaying expert discovery until after dispositive motion practice, the Parties do not believe that discovery should be conducted in phases.

**(C)   Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties are complying in good faith with their obligations to preserve potentially relevant evidence. The Parties have discussed that this lawsuit will involve the discovery of electronically stored information. Accordingly, the Parties have agreed to the following the following:

1.   <u>Preservation:</u>  The parties agree to securely maintain, and not destroy or delete, sources of potentially discoverable information created during Plaintiff's employment, including, to the extent they exist on, (i) computer hard drives and servers, and (ii) network back-up tapes (i.e. tapes or other similar media onto which back-up systems store ESI) to the extent they contain potentially relevant ESI not available on active systems.

2.   <u>ESI Search:</u>  The Parties have agreed to confer in good faith to establish an ESI protocol in a manner consistent with the letter and spirit proportionality embodied in Rule 26(b). The Parties further agree to produce the ESI in searchable PDF format.

3.    <u>Identification of Key Custodians:</u>  To facilitate the identification of the appropriate employees who may possess relevant documents, the Parties have agreed that ESI is required to be collected only from Key Custodians where relevant and responsive ESI is found to exist and will meet and confer in good faith to agree to a list of 6-8 Key Custodians within 10 days of exchanging initial disclosures.

**(D)  Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

In accordance with Fed. R. Evid. 502(d), the Parties stipulate that the production of privileged or work-product protected documents or electronically stored information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Parties further agree that this stipulation shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).

**(E)  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties agree that the ordinary limitations within the Local Rules should apply.

**(F)  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

The Parties will work together on a Stipulated Protective Order governing confidential, proprietary, and trade secret information and request that the Court's Default Protective Order in Complex Cases apply until such time as the Court enters the Parties' proposed Stipulated Protective Order.

## III.    <u>CONSENT TO TRIAL BY MAGISTRATE JUDGE</u>

The Parties did not agree to proceed before a Magistrate Judge.

## IV.      **SETTLEMENT PROPOSALS**

Plaintiff has provided a settlement demand in advance of the Scheduling Conference and Defendant will respond as provided in the Rules.

Dated: May 16, 2023

Respectfully submitted,

| LAKSHMI BALACHANDRA | BABSON COLLEGE |
|---|---|
| By her attorneys, | By its attorneys, |
| */s/ Monica Shah* | */s/ Sarah B. Herlihy* |
| Monica R. Shah (BBO # 664745) | Sarah B. Herlihy (BBO # 640531) |
| Thomas M. Miller (BBO # 708133) | Benjamin R. Davis (BBO # 6783017) |
| Zalkind Duncan & Bernstein LLP | JACKSON LEWIS P.C. |
| 65A Atlantic Avenue | 75 Park Plaza, 4th Floor |
| Boston, MA 02110 | Boston, MA  02116 |
| (617) 742-6020 (telephone) | T: 617-367-0025 |
| (617) 742-3269 (fax) | F: 617-367-2155 |
| mshah@zalkindlaw.com | sarah.herlihy@jacksonlewis.com |
| tmiller@zalkindlaw.com | Benjamin.davis@jacksonlewis.com |

## **CERTIFICATE OF SERVICE**

This hereby certifies that on this 16th day of May, 2023, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and by electronic mail and first-class mail to non-registered participants.

*/s/ Sarah B. Herlihy*

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

LAKSHMI BALACHANDRA,

   Plaintiff,

    v.

BABSON COLLEGE,

   Defendant.

Civil Action No. 23-cv-10456-LTS

**[PROPOSED] SCHEDULING ORDER**

May \_\_\_\_, 2023

SOROKIN, D.J.

  This scheduling order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

**TIMETABLE FOR DISCOVERY AND MOTION PRACTICE**

  Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

  **1.** **Initial Disclosures**. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by **June 6, 2023**.

  **2.** **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **July 31, 2023**.

1

3.       **Fact Discovery – Interim and Final Deadlines.**

      a.       All requests for production of documents and interrogatories must be served by **March 26, 2024.**

      b.       All requests for admission must be served by **April 26, 2024.**

      c.       All depositions, other than expert depositions, must be completed by **May 31, 2024**.

      d.       **Final Fact Discovery Deadline**. All discovery, other than expert discovery, must be completed by **May 31, 2024.**

4.       **Status Conference, Expert, Dispositive Motions.** A status conference will be held during the week of **June ___, 2024**.  At this status conference the parties will be prepared to inform the Court if there is a need for expert discovery and, if expert discovery is anticipated, whether it is needed prior to dispositive motion practice.  The parties will propose at that time a schedule for the timely completion of expert discovery

5.       **Initial Pretrial Conference.** An initial pretrial conference will be held on or about September 20, 2024 on a date and time set by the Court.  The parties shall prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference.

## PROCEDURAL PROVISIONS

1.       **Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete additional discovery, join other parties, amend the pleadings, or file a motion.

2.      **Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed **no later than seven days after the close of fact discovery or the close of expert discovery**, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3.      **Status Conferences.** The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

4.      **Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

5.      **Early Resolution of Issues.** The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

6.      **Pretrial Conference.**  Lead trial counsel are required to attend any pretrial conference.


_____
Hon. Leo T. Sorokin
United States District Judge


4885-3550-0897, v. 4